UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REGENT PREPARATORY SCHOOL OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, BANCFIRST INSURANCE SERVICES, INC., KBI CONSTRUCTION, INC., DECOR CONSTRUCTION, INC., ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Case No. 20-CV-0512-CVE-FHM |

## OPINION AND ORDER

This matter comes before the Court for consideration of the notice of removal (Dkt. # 2) filed by defendant Zurich American Insurance Company ("Zurich"). Plaintiff, Regent Preparatory School of Oklahoma ("Regent"), filed its second amended petition ("SAP") (Dkt. # 2-6) in the District Court in and for Tulsa County, Oklahoma. Plaintiff named five defendants in the SAP, stating that each was potentially liable to plaintiff for, among other things, storm-related damage to plaintiff's commercial property. Plaintiff asserts it is owed damages in excess of $75,000 for damage to the property, specifically, damage to the school's roof and gymnasium. Dkt. # 2-6, at 17. Plaintiff also asks for additional punitive damages.

Plaintiff alleged Zurich breached its commercial insurance contract and breached the duty of good faith and fair dealing owed to plaintiff by denying coverage for certain storm-related damage to plaintiff's property. Dkt. # 2-6, at 6-8. Plaintiff alleged defendant Travelers Property

Casualty Company of America ("Travelers") breached its commercial insurance contract and breached the duty of good faith and fair dealing owed to plaintiff by denying coverage for certain subsequent storm-related damage to plaintiff's property. Id. at 3-6. Plaintiff alleged defendant BancFirst Insurance Services, Inc. ("BancFirst") breached duties owed to plaintiff in procuring the commercial insurance contract with Travelers, which did not meet plaintiff's stated requirements. Id. at 8-12. Plaintiff alleged KBI Construction, Inc. ("KBI") breached its construction contract with plaintiff by failing to appropriately install the stucco on the exterior wall of plaintiff's gymnasium. Id. at 12-14. Finally, plaintiff alleged Decor Construction, Inc. ("Decor") breached its construction contract with plaintiff, breached its warranty on the installation of the school's roof, and made numerous negligent and false misrepresentations in procuring its construction contract with plaintiff. Id. at 14-17.

Zurich removed the action to this Court pursuant to 28 U.S.C. § 1441(a). Section 1441 (a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005). "There is a presumption against removal jurisdiction, and the party seeking removal has the burden

of proof to establish jurisdiction." Anderson v. Lehman Bros. Bank, FSB, 528 F. App'x 793, 795 (10th Cir. 2013)[1] (citations omitted).

Zurich asserts that removal is proper because this Court has original jurisdiction under 28 U.S.C. § 1332. Plaintiff and Zurich assert Zurich is a New York Corporation with its principal place of business in Schaumburg, Illinois, for the purpose of assessing diversity jurisdiction. Dkt. # 2, at 3; Dkt. # 2-6, at 3. Zurich asserts plaintiff is an Oklahoma not-for-profit corporation with its principal place of business in Tulsa, Oklahoma, for the purpose of assessing diversity jurisdiction. Dkt. # 2, at 3. Plaintiff and Zurich both assert that three of the five named defendants–BancFirst, KBI, and Decor–are citizens of Oklahoma, for the purpose of assessing diversity jurisdiction. Id. at 3; Dkt. # 2-6, at 3.

In its notice of removal, Zurich argues that there is complete diversity of citizenship between plaintiff and the only properly joined defendant, Zurich. Dkt. # 2, at 4. Zurich argues that this Court should disregard the citizenship of the other four defendants as they are improperly or fraudulently joined, and because they are fraudulently misjoined. Id. at 4-5. Specifically, Zurich argues that any amount it may owe plaintiff for damage to its commercial property "has no bearing" on the amount owed by Travelers under its subsequent insurance contract with plaintiff. Dkt. # 2, at 5. Zurich further argues that plaintiff's claim against BancFirst in procuring the insurance contract with Travelers has no relationship to Zurich's potential liability. Id. Finally, Zurich argues that the claims against KBI for faulty workmanship, and against Decor for breach of contract and warranty have no relationship to plaintiff's insurance contract with Zurich. Id.

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

II.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). Zurich removed this case to federal court on the basis of diversity jurisdiction. Dkt. # 2, at 1. Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The Supreme Court has construed § 1332 to require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for *each* defendant . . ." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989).

In this case, the parties are not completely diverse because plaintiff and defendants BancFirst, KBI, and Decor are all citizens of Oklahoma. Zurich acknowledges this fact in its notice of removal. However, Zurich makes two arguments that non-diverse defendants should be disregarded. First, Zurich argues plaintiff improperly or fraudulently joined all other defendants. Dkt. # 2, at 4. The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). When a defendant

raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882. Defendants can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If defendants can show that the non-diverse defendants were fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over this case. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder.").

Zurich argues that plaintiff improperly joined other defendants and that, when those defendants are properly disregarded, the Court will have subject matter jurisdiction over this case. Dkt. # 2, at 4. However, Zurich makes no attempt to satisfy the heavy burden of showing that plaintiff's jurisdictional allegations against the non-diverse defendants were fraudulent, made in bad faith, or that plaintiff has no possibility of recovery against non-diverse defendants. Slover, 443 F. Supp. 2d at 1279. Because the Court finds that Zurich's allegations of fraudulent or improper

joinder are not supported by a showing that plaintiff engaged in any fraudulent practice relating to non-diverse defendants, the Court cannot find that fraudulent joinder applies here. Further, the Court finds Zurich's argument perplexing to the extent that Zurich is suggesting that it was inappropriate for plaintiff to join all parties who have worked on, insured, or helped procure insurance for, a commercial property that has been damaged in the last three to four years. The Court makes no finding on the merits of plaintiff's claims against Zurich, but Zurich's argument that plaintiff fraudulently joined the other parties who may be liable for damages to the commercial property–whether as insurers, insurance brokers, or builders–appears meritless. Plaintiff has a legitimate basis to assert claims arising out of the common facts regarding the storm-related damage and insurance relating to plaintiff's commercial property. As a result, the application of the doctrine of fraudulent joinder is not supported by the facts.

Zurich also argues that plaintiff engaged in "fraudulent misjoinder" because plaintiff's "claims against the other defendants lack any connection to [plaintiff's] claim against Zurich." Dkt. # 2, at 5. Fraudulent joinder is the joinder of a non-diverse defendant "having no real connection to a case," while fraudulent misjoinder is the misjoinder of entirely distinct claims against two or more groups of defendants in violation of Fed. R. Civ. P. 20 in attempt to defeat diversity jurisdiction. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996). Only the Eleventh Circuit Court of Appeals has expressly adopted the doctrine of fraudulent misjoinder, and that decision, Tapscott, was abrogated on other grounds. See Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). Other federal courts have considered whether fraudulent misjoinder is a basis for removal, but no other federal circuit court of appeals has adopted fraudulent misjoinder. In re Prempro Products Liability Litigation, 591 F.3d 613, 622 (8th Cir. 2010); In re Benjamin Moore &

Co., 309 F.3d 296, 298 (5th Cir. 2002); California Dump Truck Owners Assoc. v. Cummins Engine Co., Inc., 24 Fed. Appx. 727 (9th Cir. 2001). The Tenth Circuit has not expressly adopted the doctrine of fraudulent misjoinder in any setting. See Parson v. Johnson & Johnson, 749 F.3d 879, 893 (10th Cir. 2014); Lafalier v. State Farm Fire & Cas. Co., 391 Fed. App'x 732 (10th Cir. Aug. 19, 2010). Further, district courts within the Tenth Circuit regularly refuse to apply the doctrine. See, e.g., Nichols v. Medtronic, Inc., No. CIV-20-326-F, 2020 WL 3050770, at *3 (W.D. Okla. June 8, 2020); Calderon v. Wade, Case No. 20-cv-00066-KWR/JFR, 2020 WL 2065277, at *2 (D.N.M. Apr. 29, 2020); Roche Constructors, Inc. v. One Beacon America Ins. Co., 2012 WL 1060000 (D. Colo. Mar. 28, 2012); Cline v. Blackmon Mooring of Oklahoma City, Inc., 2012 WL 255675 (W.D. Okla. Jan. 27, 2012). Similarly, this Court declines to apply the doctrine of fraudulent misjoinder. Even if plaintiff's claims were technically misjoined, plaintiff's joinder of claims against the five defendants in a single lawsuit is not so egregious that it would justify application of the fraudulent misjoinder doctrine. Plaintiff's claims arise out of storm-related damage to a commercial property for which it believes one or more than one defendant is liable under contract. These sets of claims are not so distinct that the doctrine of fraudulent misjoinder would apply.

Because the elements of fraudulent joinder have not been satisfied by the facts alleged, and because the doctrine of fraudulent misjoinder is not the law of this circuit (nor adequately supported by the facts) the Court finds that the non-diverse defendants' citizenship should not be disregarded. Because the parties are not completely diverse, Zurich has not shown that the requirements for diversity jurisdiction were met at the time this case was removed to federal court. As a result, the Court finds that it lacks subject matter jurisdiction over this case, and the case should be remanded to state court.

**IT IS THEREFORE ORDERED** that the Court lacks subject matter jurisdiction over this case and the Court Clerk is directed to **remand** this case, including the pending motions (Dkt. ## 28, 30) to Tulsa County District Court.

**DATED** this 16th day of October, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE